# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW
ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL
SILICON VALLEY

MITCHELL S. DUPLER
GIOVANNI P. PREZIOSO
MICHAEL A. MAZZUCHI
D. BRUCE HOFFMAN
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
JEREMY CALSYN
LEAH BRANNON
MATTHEW C. SOLOMON
ELAINE EWING
NOWELL D. BAMBERGER
DANIEL P. CULLEY
KENNETH S. REINKER
MACEY LEVINGTON
CHASE D. KANIECKI
RESIDENT PARTNERS
KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DEC. HINDS
SARA D. SCHOTLAND
WILLIAM B. MCGURN III
JOHN S. MAGNEY
MARK LEDDY
JOHN C. MURPHY, JR.
DAVID M. BECKER
GEORGE S. CARY
JANET L. WELLER
LINDA J. SOLDO
MICHAEL H. KRIMMINGER
MATTHEW D. SLATER
DAVID I. GELFAND
SENIOR COUNSEL
STEVEN J. KAISER
THOMAS A. BEDNAR
KATHLEEN WARD BRADISH
CUNZHEN HUANG**
CARL LAWRENCE MALM
CHARLES STERLING
CARL F. EMIGHOLZ
JOHN P. MCGILL, JR.
PATRICK FULLER
SAIF I. SHAH MOHAMMED
CHRISTIAN J. MAHONEY
RESIDENT COUNSEL

MATTHEW I. BACHRACK
LARRY C. DEMBOWSKI
SENIOR ATTORNEYS
EMILY M. ARNOLD
NICO BANKS
HANI BASHOUR
LINDEN BERNHARDT
JORGE A. BONILLA LOPEZ
JACKIE M. BRUNE
MADISON C. BUSH
NICOLE LABELL CARY
SAMUEL H. CHANG
SARAH CHOI
EVERETT K. CORAOR
MARKANTHONY CURTIS
LISA M. DANZIG
WILLIAM S. DAWLEY
GRAY W. DECKER
BRANDON J. FIGG
ALAN B. FREEDMAN
MICHAEL GOLDENBERG
JULIA GORMAN
DESTA HAILU*
SAVANNAH HAYNES
JESSICA HOLLIS
STEPHEN J. HOUCK
VERONICA JOUBERT
JOHN F. KOZAK
TOBIAS A. KRAFT
BLAIR WEST KUYKENDALL
ELISE G. LANE
GABRIEL J. LAZARUS
MEGHAN A. LEIBOLD
CLOTILDE LE ROY
JOHN A. LIGHTBOURNE
MEGAN LINDGREN
MAIA LIVENGOOD
MOLLY MA
SHANNON MANLEY
ERIN MASON
JACK MASSEY*
JENNA R. MAZZELLA
BETHLEHEM MEBRATU
KELSEY NUSSENFELD
AMBER V. PHILLIPS

RATHNA RAMAMURTHI*
CALEB J. ROBERTSON
BEN ROSENBLUM
MICHAEL G. SANDERS
MICHAEL SCHULMAN
WILLIAM SEGAL
DAVID SEIDMAN
LAUREN E. SEMRAD
GARRETT D. SHINN
NORA MCCLOSKEY SINES
TOM STANDIFER*
URJITA SUDULA
NICOLE TATZ
ISABEL M. TUZ
ZACH TSCHIDA
PETER D. YOUNG
TRACEY H. ZHANG
ASSOCIATES

* Admitted only to a bar other than that of the District of Columbia. Working under the supervision of principals of the Washington office.

** Special Legal Consultant, qualified in the People's Republic of China.

D: +1 202 974 1752
nbamberger@cgsh.com

January 21, 2022

VIA CM/ECF

Mark Langer, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, DC 20001

Re: *Bloomberg v. SEC*, No. 21-1088

Dear Mr. Langer:

On behalf of FINRA, as Intervenor, pursuant to Rule 28(j) we write to briefly respond to the letter filed by Bloomberg on January 14, 2022. In addition to the points made by the SEC in its letter of January 19, 2022, FINRA writes separately to clarify that the FINRA dues increases cited in Bloomberg's supplemental letter are neither new nor pertinent here.

The dues increases that Bloomberg cites were announced in a filing that the SEC published for notice and comment in October 2020. *See* 85 Fed. Reg. 66592. Accordingly, while these dues increases take effect this month, their scope

and implementation schedule were in the public record more than five months before Bloomberg filed its petition for review with the Court in this case.

Critically, these dues increases are not pertinent to the Rule at issue here. Rather, as FINRA's October 2020 filing explains at length, the increases that begin to take effect this month concern regulatory fees that support other programmatic areas of FINRA's regulatory activities, including "examinations, financial monitoring, and FINRA's policymaking, rulemaking and enforcement activities." *See id.* at 66594. Bloomberg's own letter acknowledges that the "new data system" it cites in connection with FINRA's October 2020 fee filing is unrelated to this case. Indeed, FINRA's October 2020 fee filing makes clear that, in contrast to the regulatory fees addressed in that filing, FINRA separately employs a different type of "use-based" fee to recoup costs stemming from the transparency services that FINRA operates to provide data to members and the public, such as the New Issue Reference Data Service. *See id.* (distinguishing the regulatory fees beginning to increase this month from the "use-based" fees that FINRA employs for transparency services).

Notwithstanding Bloomberg's misleading supplemental citation, the record is clear on the manner in which FINRA will fund the New Issue Reference Data Service. When appropriate, FINRA will submit a filing to the SEC to establish a reasonable use-based fee tied to the costs of this transparency service. And consistent with applicable statutory requirements, that filing will be subject to Commission review, notice and comment.

Respectfully submitted,

*/s/ Nowell D. Bamberger*
Nowell D. Bamberger

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the type-volume limitation of Fed. R. App. P. 28(j) because the body of the letter contains 347 words. I also certify that this letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it uses a proportionally-spaced typeface using Microsoft Word in 14-Point Times New Roman font.

                                            */s/ Nowell D. Bamberger*
                                            Nowell D. Bamberger